IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA

| | |
|---|---|
| ALBERT BUCHTAN, MELINDA BUCHTAN, STEPHEN PRATT and CRYSTAL PRATT, | : CIVIL DIVISION :<br>: Case No. AD-289-2025 |
| Plaintiffs, | : **COMPLAINT** |
| Plaintiff, | : Filed on Behalf of Plaintiffs<br>: ALBERT BUCHTAN, MELINDA BUCHTAN,<br>: STEPHEN PRATT and CRYSTAL PRATT |
| v. | : |
| GREENE COUNTY CHILDREN AND YOUTH SERVICES, BETH BOOKER, and JACQUELYN WIGGINS, | : Counsel of Record for these Parties:<br>:<br>: Erin Lucas Hamilton, Esquire<br>: Pa. ID No. 93852 |
| Defendants. | :<br>: Joseph V. Schaeffer, Esquire<br>: Pa. ID No. 323256<br>:<br>: Francesca Iovino, Esquire<br>: Pa. ID No. 324229 |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

By: _____
  Joseph V. Schaeffer

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.
Firm #812
Two Gateway Center, 8th Floor
603 Stanwix Street
Pittsburgh, PA 15222

(412) 773-8705 – Phone
(412) 773-8742 – Fax
ehamilton@babstcalland.com
jschaeffer@babstcalland.com
fiovino@babstcalland.com


EXHIBIT A

IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA

| | |
|---|---|
| ALBERT BUCHTAN, MELINDA BUCHTAN, STEPHEN PRATT and CRYSTAL PRATT, | CIVIL DIVISION |
| | Case No. AD-289-2025 |
| Plaintiffs, | |
| v. | |
| GREENE COUNTY CHILDREN AND YOUTH SERVICES, BETH BOOKER, and JACQUELYN WIGGINS, | |
| Defendants. | |

## COMPLAINT

Plaintiffs Albert Buchtan, Melinda Buchtan, Stephen Pratt, and Crystal Pratt, by and through their undersigned counsel, hereby file their Complaint against Defendants Greene County Children and Youth Services, Beth Booker, and Jacquelyn Wiggins, and aver as follows:

### PARTIES

1. Albert Buchtan and Melinda Buchtan (the "Buchtans"), husband and wife, are natural persons domiciled in Greene County, Pennsylvania.

2. Stephen Pratt and Crystal Pratt (the "Pratts"), husband and wife, are natural persons domiciled in Greene County, Pennsylvania.

3. Greene County Children and Youth Services ("GCCYS") is an agency of Greene County established pursuant to section 405 of the act of June 24, 1937.

4. Beth Booker is a natural person domiciled in Greene County, Pennsylvania. Ms. Booker was the Administrator of GCCYS at all times relevant to this Complaint.

5. Jacquelyn Wiggins is a natural person domiciled in Greene County, Pennsylvania. Ms. Wiggins was an employee of GCCYS at all times relevant to this Complaint.

## JURISDICTION AND VENUE

6. Paragraphs 1-5 of the Complaint are incorporated by reference as if set forth fully herein.

7. This Court has subject matter jurisdiction over this action pursuant to 42 Pa. C.S. § 931.

8. This Court has personal jurisdiction over GCCYS pursuant to 42 Pa. C.S. § 5301(a)(3) because said Defendant carries on a continuous and systematic part of its general business in Pennsylvania.

9. This Court has personal jurisdiction over Ms. Booker and Ms. Wiggins pursuant to 42 Pa. C.S. § 5301(a)(1) because those Defendants are domiciled in Pennsylvania.

10. This Court has venue pursuant to Pa. R. Civ. P. 1006(a)(1)-(3) because Greene County is the location where Ms. Booker and Ms. Wiggins may be served; where the cause of action arose; and where a transaction or occurrence took place out of which the cause of action arose. This Court also has venue pursuant to Pa. R. Civ. P. 2179(a)(1)-(4) because Greene County is the location where GCCYS maintains its principal place of business; where GCCYS regularly conducts business; where the cause of action arose; and where a transaction or occurrence took place out of which the cause of action arose.

## FACTUAL ALLEGATIONS

11. Paragraphs 1-10 of the Complaint are incorporated by reference as if set forth fully herein.

12. Mr. Buchtan and Mr. Pratt are elected members of the Board of the Carmichaels Area School District (the "School Board").

13. In early April 2024, Mr. Buchtan and Mr. Pratt voted as members of the School Board to take certain employment actions adverse to C.H.

14. Upon information and belief, C.H. is the spouse of M.H., who previously held one or more leadership roles within GCCYS.

15. Within days of Mr. Buchtan and Mr. Pratt voting to take employment action adverse to C.H., GCCYS received anonymous reports that the Buchtans and Pratts were endangering their minor children by using illegal drugs in their presence (the "Reports").

16. On April 9, 2024, GCCYS, acting by and through Ms. Booker and Ms. Wiggins, appeared at the Buchtans' and Pratts' homes to investigate the complaints.

17. At the Buchtans' home, the Defendants conducted a warrantless search, subjected Mr. Buchtan to warrantless drug testing, and required the Buchtans' twelve-year-old daughter to submit to a traumatizing private interview. The results of Mr. Buchtan's drug testing were negative.

18. At the Pratts' home, the Defendants similarly conducted a warrantless search.

19. On April 10, 2024, the Defendants returned to the Pratts' home and demanded to see the Pratts' son, indicating, however, that they would no longer be requiring him to submit to a private interview or Mr. Pratt to submit to a warrantless drug test.

20. Defendants knew or should have known that the Reports were false and submitted in retaliation for Mr. Buchtan and Mr. Pratt's actions as members of the School Board. Among other things, the Defendants received simultaneous reports of child endangerment against all members of the School Board who had voted with Mr. Buchtan and Mr. Pratt to take employment action adverse to C.H. (with the exception, however, of a single School Board member who does not have children). Additionally, upon information and belief, the Reports failed to identify pre-

school-age children, indicating that they were submitted by an individual without personal knowledge but access to the records of the Carmichaels Area School District.

21. In or about mid-April 2024, GCCYS closed its investigations into the Buchtans and Pratts without any finding of child endangerment.

## COUNT I – FIRST AMENDMENT RETALIATION

22. Paragraphs 1-21 of the Complaint are incorporated by reference as if set forth fully herein.

23. Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

24. Defendants at all times relevant to this Complaint were persons acting under color of state law for purposes of § 1983.

25. Plaintiffs at all times relevant to this Complaint were citizens of the United States or persons within the jurisdiction thereof.

26. Under the First Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment to the United States Constitution, Plaintiffs are guaranteed the right to freedom of speech.

27. Mr. Buchtan and Mr. Pratt engaged in speech protected by the First Amendment where they advocated for, and voted to take, employment action adverse to C.H. in their capacities as members of the School Board.

28. Defendants retaliated against Plaintiffs for Mr. Buchtan and Mr. Pratt's protected First Amendment activity by subjecting Plaintiffs to a sham child-endangerment investigation, the threat and/or performance of which would be sufficient to deter persons of ordinary firmness from exercising their First Amendment rights.

29. A causal nexus exists between Mr. Buchtan and Mr. Pratt's protected First Amendment activity and the submission and/or investigation of the Reports where the Reports were submitted within days of Mr. Buchtan and Mr. Pratt's protected First Amendment activity and targeted each School Board member who acted accordingly (with the exception, however, of a single School Board member who does not have children).

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00, together with such further relief as the Court deems just and proper, including punitive damages, costs, interest, and delay damages.

## COUNT I – FIRST AMENDMENT RETALIATION

30. Paragraphs 1-29 of the Complaint are incorporated by reference as if set forth fully herein.

31. Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

32. Defendants at all times relevant to this Complaint were persons acting under color of state law for purposes of § 1983.

33. Plaintiffs at all times relevant to this Complaint were citizens of the United States or persons within the jurisdiction thereof.

34. Under the Fourth Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment to the United States Constitution, Plaintiffs are guaranteed the right to be free from unreasonable searches and seizures.

27. Plaintiffs were subjected to searches of their homes by Defendants in the course of the investigation of the Reports. Additionally, Mr. Buchtan was subjected to a search where he was subjected to a warrantless drug test. *Smith v. Northampton Cnty.*, No. 22-3788, 2023 WL 1767765, at *6 (E.D. Pa. Feb. 3, 2023).

28. The searches were unreasonable where the Reports were submitted within days of Mr. Buchtan and Mr. Pratt's protected First Amendment activity and targeted each School Board member who acted accordingly (with the exception, however, of a single School Board member who does not have children) and where, moreover, each Report contained identical allegations of illegal drug use. Additionally, in the case of the warrantless drug test required of Mr. Buchtan, the Pennsylvania Supreme Court has expressly held that the Child Protective Services Law does not include the authority to obtain an involuntary urine sample from the subject of the investigation. *In the Interest of D.R.*, 659 Pa. 319, 232 A.3d 547 (2020).

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $1,000,000.00, together with such further relief as the Court deems just and proper, including punitive damages, costs, interest, and delay damages.

Respectfully submitted,

Dated: October 27, 2025

By: _____
Erin Lucas Hamilton, Esquire
Pa. ID No. 93852
Joseph V. Schaeffer, Esquire
Pa. ID No. 323256
Francesca Iovino, Esquire
Pa. ID No. 324229

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.
Firm #812
Two Gateway Center, 8th Floor
603 Stanwix Street
Pittsburgh, PA 15222

(412) 773-8705 – Phone
(412) 773-8742 – Fax
ehamilton@babstcalland.com
jschaeffer@babstcalland.com
fiovino@babstcalland.com

*Counsel for Plaintiffs*

8

I, Albert Buchtan, hereby state that the facts above set forth are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 10/24/2025

Signed by: [signature]
061D11908CC546E...

{16883756v3}

    I, Melinda Buchtan, hereby state that the facts above set forth are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date:  10/24/2025

{16883756v3}

     I, Stephen Pratt, hereby state that the facts above set forth are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 10/24/2025

Signed by: *Stephen Pratt*
1442276A40324C0...

{16883756v3}

     I, Crystal Pratt, hereby state that the facts above set forth are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 10/24/2025

Signed by: Crystal Pratt
1442276A40324C0...

{16883756v3}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **COMPLAINT** was served on October 27, 2025 upon the following as indicated:

<u>VIA EMAIL</u>

Joyce A. Hatfield-Wise, Esq.
Greene County Children and Youth Services
Fort Jackson Building
19 South Washington Street
Waynesburg, PA 15370
Jhatfield-wise@greenecountypa.gov

Robert E. Grimm, Esq.
Greene County Solicitor
P.O. Box 455
Waynesburg, PA 15370
robertgrimm569@gmail.com

*Counsel for Defendants*

Joseph V. Schaeffer

{16883756v4}