IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT BUCHTAN, MELINDA BUCHTAN, STEPHEN PRATT, CRYSTAL PRATT, DANIEL SMITH, JOEY LYNN SMITH, JACKIE SHUPPE, and SCOTT SHUPPE, | ) CIVIL DIVISION ) ) ) NO. 2:25-CV-01728 ) ) Judge Fischer ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| GREENE COUNTY CHILDREN AND YOUTH SERVICES, BETH BOOKER, and JACQUELYN WIGGINS, | ) ) ) |
| Defendants. | |

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants, through undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6) respectfully submit this Motion to Dismiss Second Amended Complaint, based upon the following considerations:

1.  Plaintiffs Albert Buchtan, Melinda Buchtan, Stephen Pratt, and Crystal Pratt commenced this lawsuit in the Court of Common Pleas of Greene County on October 27, 2025, with the filing of a Complaint asserting violations of their First and Fourth Amendment rights, based upon allegations that the Defendants (Greene County CYS and two employees thereof) conducted a "sham" investigation in response to reports of child endangerment that the Defendants allegedly should have known were made in retaliation for protected speech in which Mr. Buchtan and Mr. Pratt allegedly engaged in their capacity as members of the Carmichaels Area School Board.

2.  Defendants removed the action to this Honorable Court on November 5, 2025.

3. Following communications between counsel regarding Defendants' grounds for an intended motion to dismiss, Plaintiffs thereafter filed an Amended Complaint, which included Daniel Smith, Joey Lynn Smith, Jackie Shuppe, and Scott Shuppe being named as additional Plaintiffs, who assert that their constitutional rights were similarly violated.

4. The instant Second Amended Complaint was ultimately filed as a result of further such communications between counsel.

5. As fully addressed in the accompanying Brief, the Second Amended Complaint is legally insufficient in the following respects:

- Plaintiffs fail to allege facts demonstrating that Defendants had <u>actual knowledge</u> of their purported protected activity, as necessary to demonstrate that the alleged adverse action was motivated by the same, so as to state a claim for retaliation in violation of the First Amendment;

- Defendants Booker and Wiggins are entitled to qualified immunity with respect to the First Amendment retaliation claim, as it is not clearly established that speech in which an elected official engages pursuant to his or her official duties is protected under the First Amendment;

- Plaintiffs fail to allege the personal involvement of Defendant Booker in the alleged retaliatory actions or in any alleged search or seizure, such that Plaintiffs fail to state any cognizable First or Fourth Amendment claim against her;

- Plaintiffs fail to allege the personal involvement of Defendant Wiggins in the alleged retaliatory actions or in any alleged search or seizure involving the Pratts or the Shuppes, such that all Plaintiffs' First Amendment claims and the

- Fourth Amendment claims of the Pratts and the Shuppes are not cognizable against her;

- The Fourth Amendment claim asserted by the Smiths should be dismissed as to all Defendants, because the Second Amended Complaint fails to plead facts showing that they were subject to any search or seizure; and

- All claims against Greene County CYS should be dismissed, because the Second Amended Complaint fails to plead facts describing a policy or custom of CYS that directly resulted in any violation of Plaintiffs' constitutional rights.

6. Additionally, Plaintiffs' demand for judgment in a specified minimum dollar amount should be stricken from the Second Amended Complaint, pursuant to Local Civil Rule 8.

Respectfully submitted,

**THOMAS, THOMAS & HAFER LLP**

By: /s/ *Karin M. Romano*
Sarah E. Cobbs / PA ID No. 318194
scobbs@tthlaw.com
Karin M. Romano / PA ID No. 92068
kromano@tthlaw.com

U.S. Steel Tower
600 Grant Street, Suite 2600
Pittsburgh, PA 15219
(412) 926-1426

*Counsel for Defendants*